IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FLOSPORTS INC.,

Plaintiff,

v.

ORDER

JUSTIN TRITZ
and TW CLOCKS LLC,

26-cv-108-wmc

Defendants.

Plaintiff FloSports Inc., a sports media company, alleges unjust enrichment against defendant Justin Tritz and breach of contract against Tritz and co-defendant TW Clocks LLC based on work that Tritz performed for nonparty USA Wrestling. In short, plaintiff alleges that Tritz used confidential information concerning the features and functionality of plaintiff's wrestling event software, Trackwrestling, in developing a competing software, USA Bracketing, for USA Wrestling.

Plaintiff subpoenaed USA Wrestling to testify at a deposition, noticing certain deposition topics. After a hearing that touched on several discovery issues, the court ordered plaintiff and USA Wrestling to meet and confer on these topics and report any active disputes. Dkt. 62. They have done so, reporting that they have agreed on 15 topics, but there remain points of difference on five topics, set forth below. Dkt. 76. The court settles these disputes with the following order:

- **Topic No. 16.** USA Wrestling's objection to the inclusion of "deployment" is SUSTAINED. Understanding "deployment" to mean deployment to customers in the marketplace, the court agrees that the commercial rollout of USA Bracketing

has minimal relevance to the claims at issue. To the extent "deployment" is meant to encompass aspects of software development, that topic is already covered.

- **Topic No. 17.** USA Wrestling's objection to the entirety of this topic is SUSTAINED. USA Wrestling's communications with third parties about Tritz's role in the development of USA Bracketing—i.e., what was said externally about what Tritz did and why—have minimal relevance to the claims at issue, and the burdens associated with preparing for such a broad topic outweigh any probative value. More relevant is information about what Tritz actually did and why, and other topics will allow plaintiff to explore this topic. Beyond this fundamental point, plaintiff can ask Tritz directly about his comments on the Wisconsin Wrestler podcast regarding his role in developing USA Bracketing.
- **Topic No. 19.** USA Wrestling's objection to the entirety of this topic is OVERRULED. While data regarding wrestling events provided by plaintiff to USA Wrestling may be public, the terms under which plaintiff provides data to others are a different matter. Also, Tritz's involvement in USA Wresting proposing changes to the terms of its data sharing agreements with plaintiff could provide insight into the work Tritz performed on USA Bracketing—i.e., Tritz may have proposed a change to the data sharing agreement because that would align with a feature he helped develop in USA Bracketing. Thus, the information sought is relevant, and the topic is discrete enough to allow preparation without undue burden.
- **Topic No. 22.** USA Wrestling's objection to the entirety of this topic is SUSTAINED. USA Wrestling's communications with third parties about their transition from Trackwrestling to USA Bracketing have minimal relevance to the

claims at issue, and the burdens associated with preparing for such a broad topic outweigh any probative value. Plaintiff says it wants to explore this information to understand "what data was transferred or migrated between the platforms," etc., but this is better assessed by comparing the systems and looking at USA Wrestling's internal development, not looking to external communications.

- **Topic No. 19.** USA Wrestling's objection to the entirety of this topic is OVERRULED. USA Wrestling points out that unjust enrichment damages are generally limited to the benefit conferred upon defendants, and USA Wrestling is not a defendant. *See Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, 980 F.3d 1117, 1130 (7th Cir. 2020). That is a fair point, but it does not take into account the breach of contract claim, or the stage of the case. Whether lost revenues and lost market share are ultimately legally cognizable under either of plaintiff's claims is a question for another day. At this juncture—the discovery phase—the information sought—the identity of customers that are using USA Bracketing—bears enough relevance to the claims in the case and is not sufficiently burdensome to prohibit discovery. USA Wrestling's concerns with confidentiality are addressed with the protective order entered in the case. If USA Wrestling prefers, it may elect to provide this information in writing, which would negate the need to prepare a witness on the topic.

*So ordered.*

Entered October 27, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge