IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FLOSPORTS INC.,

Plaintiff,

v.

ORDER

JUSTIN TRITZ
and TW CLOCKS LLC,

26-cv-108-wmc

Defendants.

---

Plaintiff FloSports Inc., a sports media company, alleges unjust enrichment against defendant Justin Tritz and breach of contract against Tritz and co-defendant TW Clocks LLC based on work that Tritz performed for nonparty USA Wrestling. In short, plaintiff alleges that Tritz used confidential information concerning the features and functionality of plaintiff's wrestling event software, Trackwrestling, in developing a competing software, USA Bracketing, for USA Wrestling.

Plaintiff has moved to remove the "Attorneys' Eyes Only" (AEO) and "Source Code" designations from materials produced by Tritz in discovery. Dkt. 43. The court held a telephonic hearing on September 25, 2026, where it ruled on several discovery issues, but the court deferred on this motion to allow the parties additional time to meet and confer. Dkt. 62. The parties report that their efforts have resolved some of the issues, but three remain. *See* Dkt. 82 & Attachment (chart setting forth remaining three disputes and the parties' positions).

Before turning to the specific materials at issue, the court reviews the relevant provisions of the protective order. Dkts. 13 & 15. That order provides for three tiers of confidentiality:

- "Confidential" – "Information that contains non-public, proprietary, business, financial, personal, or commercial information that the Producing Party maintains as confidential and that could cause harm if disclosed."
- "Highly Confidential – Attorneys' Eyes Only" – "Extremely sensitive information that creates a substantial risk of serious competitive, commercial, or financial harm if disclosed beyond Outside Counsel and other limited persons authorized by this Order."
- "Highly Confidential – Source Code" – "Computer source code, firmware, algorithms, or other software materials that are extremely sensitive and warrant the highest level of protection."

The order limits the ways designated information can be used and disclosed, with AEO and Source Code designations carrying heightened protections. In particular, information with these designations cannot be disclosed to in-house counsel or party officers or employees. If a Receiving Party objects to a designation, they may seek relief from the court. The Designating Party bears the burden of establishing that the challenged material is properly designated. Dkt. 13, ¶ 7.

Applying this framework, the court GRANTS in part and DENIES in part the request to redesignate, as follows:

**TRITZ_000695 (Dkt. 82-2).** This is a two-sentence e-mail that USA Wrestling's Director of Application Development sent to Tritz in April 2024 asking how "Track" accomplishes some tasks and if "we have a way to do the same." If this e-mail is non-public, it may warrant Confidential protection, but this brief inquiry, which contains no substantive

information of consequence, is well outside the type of information the court considers to be "extremely sensitive" AEO information. The motion is GRANTED with respect to this e-mail.

**TRITZ_000674 (Dkt. 82-3).** This is a seven-word e-mail (counting hyperlinks) that USA Wrestling's Director of Application Development sent to Tritz in May 2024 that pastes two hyperlinks, one of which is under the title "From Flo." Again, if this e-mail is non-public, it may warrant Confidential protection, but this brief note, which relays no true strategic thinking or decision-making, is well outside the type of information the court considers to be "extremely sensitive" AEO information. The motion is GRANTED with respect to this e-mail.

**Source Code Files Produced by Tritz.** The final category of information consists of source code files that Tritz produced to plaintiff. Plaintiff contends that these files contain its confidential and proprietary information and thus Tritz should not be allowed to dictate to whom they are disclosed. Defendants counter that the files contain code that originated with Tritz and that this code predates plaintiff's acquisition of its software platform. These are issues that go to the heart of this case and are not appropriate to resolve in a motion contesting confidentiality designations. Who owns the source code is a question that will require fact-finding, at summary judgment or perhaps trial. *Paragon Component Sys., LLC v. Qualtim, Inc.*, No. 25-CV-170-WMC, 2025 WL 1396058, at *3 (W.D. Wis. Apr. 8, 2025). Until then, the nature of the information will dictate its protection. *See id.*; *Cureis Healthcare Inc. v. Epic Sys. Corp.*, No. 25-CV-991-JDP, 2026 WL 1878475, at *3 (W.D. Wis. June 30, 2026). The files undisputedly contain "[c]omputer source code, firmware, algorithms, or other software materials." Accordingly, the motion is DENIED with respect to these files.

*So ordered.*

Entered November 13, 2026.

BY THE COURT:

/s/

______________________________________

ANITA MARIE BOOR
Magistrate Judge